UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PATRICK MORAN, as President of the EMPIRE
STATE REGIONAL COUNCIL OF CARPENTERS
and JOHN FUCHS, PATRICK MORIN, ANTHONY
MACAGNONE, MICHAEL CONROY, DAVID
HAINES, GEOFFREY JAMES, JAMES MALCOLM,
WILLIAM MACCHIONE, ALAN EHL, WILLIAM
WEITZMAN, KEVIN HICKS, JOSEPH OLIVIERI,
DALE STUHLMILLLER, ARTHUR GODSELL,            Civil Action No.  05-4716
ROBERT CARLINO, PAUL J. O'BRIEN, JR.,         (DRH)(ETB)
JOSEPH GANIRO, ROSS PEPE, RICHARD
O'BEIRNE, JAMES LOGAN, ANTHONY
CAROPRESSO, ANTONIO MARTINS, TODD
HELFRICH and FRANK WIRT as Trustees of the
EMPIRE STATE CARPENTERS WELFARE
PENSION, VACATION, ANNUITY, SCHOLARSHIP,
APPRENTICE-TRAINING, LABOR-MANAGEMENT
COOPERATION and CHARITABLE TRUST FUNDS,

                              Plaintiffs,

        -against-

FRANK SASSO, ANDREA SASSO, ROSINA
BUILDERS & GENERAL CONTRACTING
and SRC CONSTRUCTION CORP.,

                              Defendants
-------------------------------------------------------------------X

**APPEARANCES:**

**Meyer, Suozzi, English & Klein, P.C.**
Attorneys for Plaintiffs
425 Broadhollow Road
P.O.Box 9064
Melville, New York 11747
By:    John H. Byington III

**Edward J. Carroll, Esq.**
Attorney for Defendants
2733 Route 209
Kingston, New York 12401

**HURLEY, Senior District Judge:**

Presently before the Court is Plaintiffs' motion, pursuant to Federal Rule of Civil Procedure 56, for (1) an award of $28, 05.84 against defendants Frank Sasso, Andrea Sasso, and Rosina Builders & General Contracting (collectively the "Rosina Defendants"), jointly and severally, plus interest, liquidated damages, and attorneys fees and costs pursuant to 29 U.S.C. § 1132(g)(2); (2) an Order compelling a payroll audit of the books and records of the Rosina Defendants; and (3) an Order disgorging and distributing to Plaintiffs $17,284.07 as Lien Law trust assets held by defendant SRC Construction Corp. ("SRC") and payable to Plaintiffs under Article 3A of the Lien Law, and enforcing the parties' agreement providing for same. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.[1]

*Background*

The following facts are taken from the parties' submissions and are undisputed unless otherwise noted.[2]

Defendants Frank Sasso and Andrea Sasso conduct business under the name of Defendant Rosina Builders & General Contracting as a sole proprietorship. As of June 30, 2004 the Rosina Defendants have been a party to the Master Agreement between the Empire State Regional

---

[1] The Court notes that the Rosina Defendants' counterclaims against Plaintiffs are not part of the subject of the summary judgment motion.

[2] As an initial matter, the Rosina Defendants failed to follow Local Rule 56.1. Specifically, they failed to respond to Plaintiffs' 56.1 statement of material facts as to which Plaintiffs contend there is no genuine issue to be tried. Given the Rosina Defendants failure to file a response to the 56.1 statement specifically controverting Plaintiff's assertion of undisputed material facts, the Court could, in the exercise of its discretion, deem all of Plaintiffs' 56.1 statement admitted. Nonetheless, the Court has carefully reviewed the Rosina Defendants' affidavit and exhibits for evidence in support of their position.

Council of Carpenters and the Construction Contractors Association of the Hudson Valley ("the Agreement"). Pursuant to the terms of the Agreement, the Rosina Defendants were required to pay benefit contributions and wage supplements to the Plaintiffs' fringe benefit funds in agreed amounts and specified percentages of the wages of their employees working under the terms of the Agreement. The Agreement further provides that in the event of delinquency, the Rosina Defendants are "liable for all contributions due, all collection costs, including auditing and attorney fees, 20% of total due each fund as liquidated damages, plus 1-1/2 % interest for each twenty-one (21) day period the delinquency continues." Agreement Art. 20, § b.

In April 2005, the Rosina Defendants issued two checks totaling $28,105.84 for the payment of fringe benefits owed on behalf of employees pursuant to the Agreement. Both checks were dishonored upon presentment for insufficient funds. There is no dispute that said monies were due and owing to Plaintiffs for worked performed by employees of the Rosina Defendants pursuant to the Agreement and that said monies have not been paid.

Additionally, Plaintiffs assert claims under Article 3A of the New York Lien Law to recover unpaid fringe benefits out of monies held as the unpaid balance of a construction contract between Rosina Defendant and SRC for work performed at a project in Newburgh, New York. It is undisputed that SRC owes the Rosina Defendants a total of $17, 284.07. Plaintiffs claim that after the commencement of this action, the Rosina Defendants, SRC and Plaintiffs agreed that the $17,284.07 would be paid over in settlement of the Article 3A claims. Plaintiffs seek specific performance of that alleged agreement. While the Rosina Defendants do not address whether there was such an agreement, they do state they have "no objection to the payment to plaintiff of the monies held by SRC . . . ." Aff. of Frank Sasso at ¶ 15.

Plaintiffs also claim that the Rosina Defendants have failed and refused to comply with their obligations to permit an audit of their books and records as required under the Agreement. The Rosina Defendants assert that they agreed to allow an audit of the records for the two projects involving union personnel but that the Union chose not to complete one since it already had all of the records and information in their possession. The Rosina Defendants further contend that notwithstanding the foregoing the union later demanded to inspect a number of records, many of which "have never been created and therefore are not in existence." Copies of payroll records are submitted by the Rosina Defendants in response to the Plaintiffs' motion.

## *Discussion*

### *I. Standard*

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *See Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. See *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted). Affidavits submitted in opposition to summary judgment must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) (citing Fed. R. Civ. P. 56(e)). "Rule 56(e)'s requirement the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertions that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial." *Patterson*, 375 F.3d at 219 (citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.* 183 F.3d 155, 160 (2d Cir. 1999)).

When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55.

5

A district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir.1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide the district court in its determination of a summary judgment motion. *See Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988).

**II. Plaintiffs are entitled to summary judgment on the claim for $28,105.84.**

The undisputed facts demonstrate that Plaintiffs are entitled to $28,105.84 as unpaid fringe benefit contributions owed under the Agreement. The Agreement is clear in requiring contribution to the funds and the Rosina Defendants admit that they are required to pay benefits. In order to establish liability under ERISA, 29 U.S.C. § 1145, Plaintiffs need only show "that the employer promised to contribute to the plan in order to succeed on its claims." *Benson v. Bower's Moving & Storage Inc.,* 907 F.2d 310, 313 (2d Cir. 1990). Moreover, the Rosina Defendants do not dispute that two returned checks, totaling $28,105.84, were sent as payment of the fringe benefit contributions. At best, they claim that the checks were to be held as security for payment and were only to be negotiated in the event the contributions were not paid from the final release of project monies by SRC.[3] Such a claim does not present a defense to Plaintiffs claim as to only two defenses available to a contribution claim pursuant to 29 U.S.C. § 1145 are that the contributions themselves are illegal or that the collective bargaining agreement is void. *Id*. at 314.

Moreover, it is clear under the Agreement that the Rossini Defendants are liable for

---

[3] To the extent the Rosina Defendants claim an accord and satisfaction, that claim must fail for lack of a writing as required by N.Y. Gen'l Oblig. Law § 15-501(2).

all collection costs, including auditing and attorney fees, liquidated damages, and interest. However, as Plaintiffs have not submitted any evidence as to the amounts claimed for these items, summary judgment therefor shall only be granted as to liability.

### III. The $17,284.07 being held by SRC

While the Court has serious reservations as to whether Plaintiffs have sustained their burden under *Winston v. Mediafare Enterainment Corp.,* 777 F.2d 78, 80-81 (2d Cir. 1986) and *Ciarmella v. Readers Digest Assoc.,* 131 F.3d 320 (2d Cir. 1997), of demonstrating that the Rosina Defendants intended to be bound by the alleged settlement agreement, it need not decide the issue. The Rosina Defendant do not object to the payment to Plaintiffs of the monies held by SRC. Accordingly, Plaintiffs are directed to submit, on notice, a proposed order directing SRC to pay the $17,284.07 contract balance to Plaintiffs.

### IV. The Audit.

Although there is a dispute as to whether the Rosina Defendants have failed and refused to submit to an audit, there is no dispute as to the Plaintiffs' right to an audit . Accordingly, Plaintiffs are direct to submit a proposed order requiring the Rosina Defendants to submit to a payroll audit within sixty (60) days of said order.

## Conclusion

For the reasons set forth above, Plaintiff's motion for summary judgment is granted in favor of Plaintiffs and against the Rosina Defendants in the amount of $28,453.39 for unpaid fringe benefit contributions. Summary judgment is further granted in favor of Plaintiffs and against the Rosina Defendants on the issue of liability for collection costs, including auditing and attorneys' fees, liquidated damages, and interest but denied as to the amount of damages

therefor.  Further, Plaintiffs' motion for an Order compelling a payroll audit of the books and records of the Rosina Defendants, and an Order directing SRC to pay to Plaintiffs $17,284.07 as Lien Law trust assets is granted.  Plaintiffs shall submit proposed orders therefor, on notice, within ten days of receipt of this Memorandum.

    **SO ORDERED.**

Dated: Central Islip, New York
      September 13, 2007

                                        /s/
                                        Denis R.  Hurley
                                        Senior District Judge