UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
PATRICK MORIN, as President of the EMPIRE STATE
REGIONAL COUNCIL OF CARPENTERS and JOHN
FUCHS, PATRICK MORIN, ANTHONY
MACAGNONE, MICHAEL CONROY, DAVID
HAINES, GEOFFREY JAMES, JAMES MALCOLM,
WILLIAM MACCHIONE, ALAN EHL, WILLIAM
WEITZMAN, KEVIN HICKS, JOSEPH OLIVIERI,
DALE STUHLMILLER, ARTHUR GODSELL,
ROBERT CARLINO, PAUL J. O'BRIEN, JR., JOSEPH
GANIRO, ROSS PEPE, RICHARD O'BEIRNE, JAMES
LOGAN, ANTHONY CAROPRESSO, ANTONIO
MARTINS, TODD HELFRICH and FRANK WRIT as
Trustees of the EMPIRE STATE CARPENTERS
WELFARE, PENSION, VACATION, ANNUITY,
SCHOLARSHIP, APPRENTICE-TRAINING, LABOR-
MANAGEMENT COOPERATION and CHARITABLE
TRUST FUNDS,

          Plaintiffs,    REPORT AND
    -against-            RECOMMENDATION

FRANK SASSO, ANDREA SASSO, ROSINA    CV 05-4716 (DRH)(ETB)
BUILDERS & GENERAL CONTRACTING and SRC
CONSTRUCTION CORP.,[1]

          Defendants.
-----------------------------------------------------------------------x

TO THE HONORABLE DENIS R. HURLEY, UNITED STATES DISTRICT JUDGE:

  Before the Court is the Plaintiffs' application for attorney's fees and costs in the amount of $53,160.56. Defendants oppose Plaintiff's application, asserting that the billing records provided for the work of Plaintiffs' former counsel, for which Plaintiffs seek reimbursement,

---

[1] The undersigned is grateful for the assistance of Sravya Chivukula, a summer intern and first- law student at the University of Virginia School of Law, for her assistance in the preparation of this Report and Recommendation.

-1-

constitute hearsay. For the reasons that follow, I recommend that Plaintiffs' application be granted.[2]

FACTS

Defendants Frank Sasso and Andrea Sasso operate a sole proprietorship under the name of Rosina Builders & General Contracting (collectively referred to as "the Rosina Defendants"). (Compl. ¶ 11.) On June 30, 2004, the Rosina Defendants entered into a collective bargaining agreement ("the Agreement") with the Empire State Regional Council of Carpenters and the Construction Contractors Association of the Hudson Valley, requiring them to contribute to certain employee fringe benefit funds, for which Plaintiffs are the trustees. (Id. ¶¶ 4, 18.) In addition to creating an obligation to pay, the Agreement provides that in the event that the Rosina Defendants fail to make such contributions, they are liable for "liquidated damages, interest, attorneys' fees, court costs and audit fees, all in accordance with ERISA." (Id. ¶ 18.) The Rosina Defendants failed to make contributions to the benefit funds in the amount of

---

[2] By letter dated May 28, 2009, counsel for Plaintiffs advised the undersigned that defendant Andrea Sasso filed a petition for voluntary bankruptcy under Chapter 13 of the United States Bankruptcy Code. (Letter from Byington, J. to Boyle, J., dated May 28, 2009.) This filing has been confirmed by the court. See In re Andrea E. Simmons, f/k/a Andrea E. Sasso, 09-36312, filed May 20, 2009 (Bankr. S.D.N.Y.). As a result of the bankruptcy filing, the within action, solely with respect to Andrea Sasso, is subject to the automatic bankruptcy stay. See 11 U.S.C. § 362; see also Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank, 236 F.3d 117, 120 (2d Cir. 2001) (stating that the Bankruptcy Code "provides for an automatic stay of . . . proceedings against the debtor"). Accordingly, this Report and Recommendation pertains only to an award of attorney's fees costs as against defendants Frank Sasso and Rosina Builders & General Contracting.

$28,105.84.³ See Morin v. Sasso, No. 05-4716, 2007 WL 2710967, at *1 (E.D.N.Y. Sept. 13, 2007).

On October 6, 2005, Plaintiffs, as trustees of the Empire State Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, commenced the present action, alleging six causes of action, including, inter alia, breach of the Rosina Defendants' obligations to contribute to the employee benefit funds under Sections 515 and 502(a)(3) of ERISA, as amended, 29 U.S.C. §§ 1145 and 1132, and under Section 301 of the Labor Management Relations Act of 1974, 29 U.S.C. § 185 ("LMRA"). (Compl. ¶ 63.) Plaintiffs also included SRC Construction Corporation ("SRC") as a Defendant in this action, asserting claims under Article 3A of the New York Lien Law. (Id.)

During the course of the action, Plaintiffs moved for summary judgment, seeking: (1) $28,105.84 as unpaid fringe benefit contributions owed by the Rosina Defendants; (2) an order compelling an audit of the Rosina Defendants' books and records; and, (3) an order distributing to Plaintiffs $17,284.07 as state lien law trust assets owed to the Rosina Defendants by SRC. See Morin, 2007 WL 2710967, at *1. On September 13, 2007, the Court granted Plaintiffs' motion, in part, and (1) awarded Plaintiffs the unpaid fringe benefit contributions of $28,105.84; (2) directed SRC to pay Plaintiffs $17,284.07 under the New York Lien Law; and, (3) ordered the Rosina Defendants to allow an audit of their books and records. See id. at *4. The Court also granted summary judgment to Plaintiffs with respect to the Rosina Defendants' liability for "all collection costs, including auditing and attorney fees, liquidated damages, and interest." Id.

---

³ In April 2005, the Rosina Defendants remitted two checks to Plaintiffs for the payment of fringe benefits, totaling $28,105.84, but both were dishonored due to insufficient funds. See Morin, 2007 WL 2710967, at *1.

However, because Plaintiffs had not submitted any evidence with respect to the amounts claimed for such costs, the Court only granted summary judgment as to liability and left the determination of damages open.  See id.

Plaintiffs again moved for summary judgment after the court-ordered audit was completed and were awarded unpaid contributions through May 31, 2006, as well as liquidated damages and interest.  See Morin v. Sasso, No. 05-4716, 2009 WL 396444, at *3 (E.D.N.Y. Feb. 17, 2009).  Defendants' counterclaims were also dismissed at that time.  Id. at *7.

On March 17, 2009, the Court dismissed Plaintiffs' claims against SRC as moot (after SRC fulfilled its monetary obligations to the Rosina Defendants) and granted judgment against the Rosina Defendants, jointly and severally, in the amount of $247,372.63 plus: (1) interest in the amount of $18.64 per day from May 30, 2008 to March 3, 2009 and (2) interest in the amount of $129.10 per day from March 3, 2009 to the date of the judgment, which was March 19, 2009.  (Order, Hurley, J. dated Mar. 17, 2009 at 2.)   Defendants appealed that judgment on April 17, 2009.

Plaintiffs now seek attorney's fees in the amount of $49,967.25, and costs and disbursements in the amount of $1,396.06 for the work of both prior counsel, Meyer, Suozzi, English & Klein, P.C. ("MSEK") - voluntarily substituted on February 1, 2008 -  and present counsel, Archer, Byington, Glennon & Levine, LLP ("ABGL").  (Byington Aff. dated Apr. 29, 2009, ¶¶ 9, 14.)  ABGL began operating as a new law firm "comprised of attorneys formerly affiliated with" MSEK on February 1, 2008.  (Id. ¶ 9.)  Plaintiffs have been and continue to be represented by the same lead attorney, John Byington III, for the entire duration of this case.

Oral argument with respect to the present motion was held on May 27, 2009.

Defendants' counsel refused to appear at the oral argument.

DISCUSSION

Plaintiffs assert that they are entitled to be awarded attorney's fees and costs pursuant to ERISA, which states in relevant part:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
> . . .
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
> . . .
> (D) reasonable attorney's fees and costs of the action to be paid by the defendant.

29 U.S.C. § 1132(g)(2)(D). The award of attorney's fees is mandatory under ERISA. See, e.g., LaBarbera v. Clestra Hauserman Inc., 369 F.3d 224, 226 (2d Cir. 2004); Jacobson v. Artemis Elec. Servs., Inc., No. 04-CV-2567, 2007 WL 3232514, at *7 (E.D.N.Y. Nov. 1, 2007); DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037, 1042 (E.D.N.Y. 1993). In fact, the award of fees and costs to the plaintiff in an ERISA action is a punitive measure designed to "penalize the delinquent payor for imposing the necessity of a suit to collect." DeVito, 831 F. Supp. at 1042.

In the present case, the Plaintiffs have prevailed and were granted summary judgment on their claim for unpaid fringe benefits. Thus, the award of attorney's fees and costs is mandatory and the "court's sole duty is to determine what amount is reasonable." Jacobson, 2007 WL 3232514, at *7 (citations omitted).

The determination of the present motion involves two specific inquiries. First, the Court must decide whether Plaintiffs' present counsel can include the fees and costs of prior counsel's representation in its application. Second, the Court must determine whether the fees and costs

sought herein are reasonable.

I.        <u>Claiming Fees and Costs for Former Counsel's Work</u>

When challenging a motion for attorney's fees, the opposing party is obligated to file "sufficient objections" and must provide more than conclusory allegations. See <u>Soler v. G & U, Inc.</u>, 658 F. Supp. 1093, 1094 (S.D.N.Y. 1987) (citing <u>Blum v. Stenson</u>, 465 U.S. 886, 892 n.5 (1984)). The Rosina Defendants have failed to comply with this requirement. Rather, the entire opposition is premised on a conclusory statement that a portion of the fees claimed by Plaintiffs relate to the representation by former counsel, MSEK, and thus cannot be claimed by present counsel. (Carroll Aff. dated Apr. 29, 2009, ¶ 2.) This is inadequate to defeat Plaintiffs' motion for attorney's fees.

Moreover, the Rosina Defendants appear to have overlooked the fact that Plaintiffs' lead counsel, John H. Byington III ("Byington"), was formerly employed by MSEK and, as part of that firm, represented the Plaintiffs herein during the time for which fees are claimed. (Byington Aff. ¶ 8.) On February 1, 2008, Byington left MSEK and, with others, formed ABGL, "a new law firm, comprised of attorneys formerly affiliated with" MSEK. (Byington Aff. ¶ 9.) As indicated by the billing records submitted in support of the within motion, Byington has represented Plaintiffs throughout the course of this action. (Byington Aff., Ex. 1 and 2.) As current counsel, ABGL is entitled to make application for all of the attorney's fees incurred by the client in this action, including those services provided by the predecessor firm. The right to recover attorney's fees belongs to the client, not the attorney. See <u>Brown v. Gen. Motors Corp.</u>, 722 F.2d 1009, 1011 (2d Cir. 1983) ("[I]t is the prevailing party rather than the lawyer who is

entitled to attorney's fees."); Baker v. David A. Dorfman, P.L.L.C., No. 99 Civ. 9385, 2000 U.S. Dist. LEXIS 12157, at *15 (S.D.N.Y. Aug. 21, 2000) (noting that it is the party who is entitled to recover attorney's fees rather than the attorney).

II.     Standard for Calculating Attorneys' Fees

Attorneys' fees and costs awarded pursuant to ERISA must be "reasonable." 29 U.S.C. § 1132(g)(2)(D). "In the Second Circuit, '[t]he lodestar method is ordinarily the starting point in determining the amount of fees that may be awarded.'" Pugach v. M & T Mortgage Corp., 564 F. Supp. 2d 153, 155 (E.D.N.Y. 2008) (quoting Seitzman v. Sun Life Assurance Co., 311 F.3d 477, 487 (2d Cir. 2002)). The lodestar method ascertains the reasonableness of the amount of fees sought by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 186 (2d Cir. 2007); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058 (2d Cir. 1989); Jacobson, 2007 WL 3232514, at *7.

The number of hours that qualify as "reasonable" are those hours expended by counsel in relation to the case for which fees are sought. See, e.g., Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994); DiFilippo v. Morizio; 759 F.2d 231, 235 (2d Cir. 1985); Jacobson, 2007 WL 3232514, at *7. "The court should thus exclude 'excessive, redundant or otherwise unnecessary hours . . . .'" Jacobson, 2007 WL 3232514, at *7 (quoting Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999)). The reasonable hourly rate is "the rate a paying client would be willing to pay," Arbor Hill, 522 F.3d at 190, and should be within the range of rates "prevailing

in the community for similar services of lawyers of reasonably comparable skill, experience and reputation." Cruz v. Local Union No. 3, 34 F.3d 1148, 1159 (2d Cir. 1994) (quoting Blum, 465 U.S. at 896 n.11). The community within which to compare rates is the "district in which the court sits." Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983); see also Arbor Hill, 522 F.3d at 191. In the Eastern District of New York, reasonable hourly rates have ranged from "$200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) (citing cases); see also Jacobson, 2007 WL 3232514, at *8-9 (citing cases); Corbett v. Reliance Moving & Storage, Inc., No. 1:00-cv-07656, 2007 U.S. Dist. LEXIS 96747, at *13 (E.D.N.Y. May 30, 2007) (collecting cases).

The burden of showing reasonableness lies with the party seeking attorneys' fees and costs. See LaBarbera v. State-Line Excavators Corp., No. 04-CV-3824, 2007 WL 952068, at *4 (E.D.N.Y. Mar. 29, 2007) (citation omitted); see also generally New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1142 (2d Cir. 1983). To satisfy that burden, the party must provide "contemporaneous time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done." Carey at 1148. "[A]ny ambiguities arising out of poor records should be resolved against the applicant." Id. at 1142 (upholding District Court decision to disallow fees for law students' time due to inadequate documentation).

III.     Calculating Reasonable Attorneys' Fees

In the within case, Plaintiffs' counsel has provided billing records detailing the hours spent by each attorney who worked on the present case, with descriptions of the specific work

performed. (Byington Aff. Ex. 1, 2.) Additionally, Plaintiffs' counsel has provided the experience level of each attorney for whom fees are sought. (Byington Aff. ¶ 13.)

For the work performed by former counsel, MSEK, the billing rates are as follows: (1) $225 per hour for John Byington, a partner with twenty years of experience in labor and employee benefits litigation; (2) $190 per hour for Marty Glennon, a partner with thirteen years of experience in labor and employee benefits law; (3) $175 per hour for Anthony Lumia, an associate with nineteen years of experience practicing labor and employment law; and, (4) $75 per hour for paralegal Elizabeth Murphy. (Id. ¶¶ 8, 13.) For the work performed by current counsel, ABGL, the billing rates are as follows: (1) $235 for John Byington; (2) $175 per hour for Paula Clarity, an associate with two years of experience in labor and employment law; and, (3) $185 per hour for Anthony Lumia. (Id. ¶¶ 11, 13.) The foregoing hourly rates are within the range of reasonably acceptable rates in the Eastern District of New York. See Cho, 524 F. Supp. 2d at 207. Further, the hours expended on this action, which lasted four years and was actively litigated during that time, are reasonable and sufficiently described.

Accordingly, I recommend that attorneys' fees be awarded as follows:

| Fees | | | | | | |
|---|---|---|---|---|---|---|
| Name | Position | MSEK Rate | ABGL Rate | Hours | Total Hours | Total Fees |
| John Byington III | Partner | $225/hr | | 119.50 | 119.50 | $26,887.50 |
| | | | $235/hr | 78.2 | 78.20 | $18,377.00 |
| Mary Glennon | Partner | $190/hr | | 14.00 | 14.00 | $2,660.00 |
| Anthony Lumia | Associate | $175/hr | | 0.15 | 0.15 | $26.25 |
| | | | $185/hr | 0.50 | 0.50 | $92.50 |
| Paula Clarity | Associate | | $175/hr | 17.90 | 17.90 | $3,132.50 |
| Elizabeth Murphy | Paralegal | $75/hr | | 6.75 | 6.75 | $506.25 |
| Dina Dix | Paralegal | | $75/hr | 1.10 | 1.10 | $82.50 |
| | | | | | | $51,764.50 |

IV.     Costs

Costs, as defined by 28 U.S.C. § 1920, include filing fees, subpoena fees, costs of transcripts, printing, photocopies, docket fees, "compensation of court appointed experts," and disbursements for witnesses. 28 U.S.C. § 1920. In addition, the courts within the Second Circuit generally awards "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged [to] fee paying clients." DeVito, 831 F. Supp. at 1045 (E.D.N.Y. 1993) (quoting Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987)). "However, expenses which are part of the attorney's ordinary overhead are not to be reimbursed." SEC v. Goren, 272 F. Supp. 2d 202, 214 (E.D.N.Y. 2003) (citing New York State Nat'l Org. for Women v. Terry, 737 F. Supp. 1350, 1363 (S.D.N.Y. 1990); see also King v. JCS Enter., Inc., 325 F. Supp. 2d 162, 171 (E.D.N.Y. 2004). Telephone, postage and travel expenses are not considered overhead and thus may be recovered as costs. See Le-Blanc Sternberg, 143 F.3d at 763. Additionally, electronic research costs may be recovered if "the party seeking such costs 'normally bills its paying clients for the cost of online research services . . . .'" AW Indus., Inc. v. Sleep Well Mattress, Inc., No. 07-CV-3969, 2009 WL 485186, at *7 (E.D.N.Y. Feb. 26, 2009) (citing Arbor Hill, 369 F.3d at 98); see also Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC, 549 F. Supp. 2d 274, 286 (E.D.N.Y. 2008).

In the within motion, Plaintiffs' seek to recover for the following costs: (1) $250.00 in filing fees; (2) $405 for service of process costs; (3) $43.85 in UPS shipping costs; and (4) $697.21 for electronic research. (Byington Aff. Ex. 1, 2.) I find all of the costs incurred reasonable and recommend that Plaintiffs' be awarded costs in the amount of $1,396.06.

V.	Additional Fees and Post-Judgment Interest

Finally, Plaintiffs request leave to move for additional costs incurred in connection with the instant motion as well as interest. By Order dated June 5, 2009, plaintiffs were afforded leave to submit a supplemental affidavit with respect to any additional attorney's fees and costs. Plaintiff submitted a supplemental affidavit on June 12, 2009, requesting an additional $1,797.25 in attorney's fees, which represents an additional 8.35 hours spent in connection with the within motion and the accompanying oral argument. I find such time to be reasonable and have included these hours in the calculations set forth supra.

In addition, under 28 U.S.C. § 1961, Plaintiffs are entitled to post-judgment interest on any "money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. "The award of post-judgment interest is mandatory under 28 U.S.C. § 1961." Indu Craft, Inc. v. Bank of Baroda, 87 F.3d 614, 619 (2d Cir. 1996). Courts within the Second Circuit have considered judgments awarding attorneys' fees to constitute money judgments and have awarded post-judgment interest on such awards. See, e.g., Nicholson v. Williams, No. 00 CV 2229, 2004 WL 4760138, at *3-4 (E.D.N.Y. Oct. 25, 2004) ("An award of attorneys' fees is considered a 'money judgment' and is treated in the same manner as any other money judgment."); Aiello v. Town of Brookhaven, No. 94-CV-2622, 2005 U.S. Dist. LEXIS 11462, at *30 (E.D.N.Y. June 13, 2005) (awarding post-judgment interest on award of attorney's fees); Raff v. Maggio, 746 F. Supp. 1207, 1208 (E.D.N.Y. 1990) (finding post-judgment interest award on attorney's fees to be proper under 28 U.S.C. § 1961).

Based on the foregoing, Plaintiffs are entitled to post-judgment interest on the award of attorney's fees. Under 28 § 1961, post-judgment interest is "calculated from the date of the entry

of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). However, there is a split among courts regarding whether post-judgment interest "runs from the date of the judgment establishing the right to the award of attorney's fees or from the date of the judgment establishing its quantum." King v. JCS Enters., Inc., 325 F. Supp. 2d 162, 175 (E.D.N.Y. 2004) (quoting Albahary v. City and Town of Bristol, Conn., 96 F. Supp. 2d 121, 122 (D. Conn. 2000)). This remains an "open question in the Second Circuit" as the Court of Appeals has yet to take up the issue. King, 325 F. Supp. 2d at 175 (quoting Albahary, 96 F. Supp. 2d at 122).

Under the "majority rule, followed in the Fifth, Sixth, Eighth, Ninth, Eleventh and Federal Circuits," interest accrues "from the date the party becomes entitled to the award even if that award is not quantified until a later point." King, 325 F. Supp. 2d at 175 (quoting Albahary, 96 F. Supp. 2d at 123). The rationale behind this position is that "while the fee-paying party is under no legal compulsion to satisfy its obligation before quantification, it also 'suffers no prejudice from any delay in quantifying the award because it has use of the money in the interim and because the statutory interest rate is tied to the U.S. Treasury Bill rate." Albahary, 96 F. Supp. 2d at 123 (quoting Jenkins v. Missouri, 931 F.2d 1273, 1277 (8th Cir. 1991)). Pursuant to the "minority rule, followed in the Third, Seventh and Tenth Circuits, states that interest accrues from the date it is quantified." King, 325 F. Supp. 2d at 175 (citing Albahary, 96 F. Supp. 2d at 123).

Courts within the Second Circuit routinely adhere to the "majority rule" that post-judgment interest accrues from the date the party becomes entitled to the award of attorney's

fees. See, e.g., Aiello, 2005 U.S. Dist. LEXIS 11462, at *30 ("This court follows the Albahary court in aligning itself with the majority rule; therefore, it awards . . . post-judgment interest on the award of attorneys' fees and costs . . . from the date [plaintiffs] became entitled to receive attorneys' fees and costs."); King, 325 F. Supp. 2d at 175 (awarding post-judgment interest from the date plaintiffs became entitled to receive attorney's fees and costs under ERISA); Albahary, 96 F. Supp. 2d at 124 (adopting majority approach and awarding interest from the date plaintiffs became entitled to an award of attorney's fees). Here, Plaintiffs became entitled to recover their attorney's fees and costs on September 13, 2007, when Judge Hurley granted Plaintiffs summary judgment on their claim for unpaid fringe benefits under Section 1145 of ERISA and stated that the Rosina Defendants "are liable for all collection costs, including auditing and attorney fees . . . and interest." Morin, 2007 WL 2710967, at *3. Accordingly, Plaintiffs should be awarded post-judgment interest at the U.S. Treasury Bill rate, as specified in 28 U.S.C. § 1961, from September 13, 2007 until the award is paid.

RECOMMENDATION

Based on the foregoing, I recommend that Plaintiffs be awarded $51,764.50 in attorneys' fees and $1,396.06 in costs, for a total monetary award of $53,160.56. I further recommend that Plaintiffs be granted post-judgment interest on the award, accrued in accordance with 28 U.S.C. § 1961, from September 13, 2007 until the award is paid. As stated supra, any judgment entered should be solely against defendants Frank Sasso and Rosina Builders & General Contracting, due to the voluntary bankruptcy filing by defendant Andrea Sasso.

OBJECTIONS TO THE REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs. 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**SO ORDERED:**

Dated: Central Islip, New York
       June 17, 2009

                                                /s/ E. Thomas Boyle
                                                E. THOMAS BOYLE
                                                United States Magistrate Judge